UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NANCY KOTARSKI, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) CAUSE NO: 2:14-cv-00349 ) |
| FRANCISCAN ALLIANCE, INC. a/k/a FRANCISCAN HEALTHCARE - MUNSTER, | ) ) ) ) |
|       Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

The Plaintiff, Nancy Kotarski (hereinafter "Plaintiff" and/or "Kotarski"), brings this action against her former employer, Franciscan Alliance, Inc. (hereinafter "Defendant"), pursuant to the American with Disabilities Amendments Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.,* and the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 et seq.

**II. PARTIES.**

1. Kotarski is a resident of the State of Indiana, who at all times relevant to this action resided within the State of Indiana.

2. Defendant maintains offices and operates within the geographical boundaries of the Northern District of Indiana.

**III. JURISDICTION AND VENUE.**

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b).

4. Kotarski was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29

U.S.C. § 630(f).

5. Kotarski satisfied her obligation to exhaust her administrative remedies and having timely filed charge (Charge No. 846-2014-00907) with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and receiving her Notice of Suit Rights brings this original action within ninety (90) days of her receipt thereof.

6. Jurisdiction is conferred on this Court by 42 U.S.C. § 12117 and 29 U.S.C. § 626©.

7. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)  and/or Plaintiff is an individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8) and/or record of a disability.  Plaintiff was a "qualified individual with a disability,"at the time of and prior to her discharge.

8. Plaintiff is an individual over the age of forty (40).

9. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana;  thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS.

10. Kotarski was hired by Defendant in or about July of 2004.

11.  At all relevant times of employment Kotarski met or exceeded Defendant's legitimate performance expectations.

12. Indeed up and until approximately August of 2012 Kotarski received position performance reviews from her past supervisor, and was continually informed that she was well liked.

13. However, in approximately August of 2012 Vicki Lang became Kotarski's direct

supervisor.

14. Thereafter, Kotarski was unlawfully disciplined by Lang for incidents that similarly situated younger and non-disabled co-workers were not disciplined for.

15. For example, Kotarski was written up for looking for a pen in her supervisor's desk while others were not.

16. Moreover, Lang made age biased comments concerning older co-workers and would routinely higher younger less qualified workers as compared with older workers.

17. In addition, Lang was informed by employees of Defendant that she was "too old to work."

18. Prior to her termination Kotarski was also subjected to discriminatory comments regarding her disability. Furthermore, at the time of her termination, Lang was well aware of Kotarski's disability and had made comments that Kotarski lacked energy and appeared tired.

19. Kotarski was terminated due to her age, disability, and/or record of disability.

20. Alternatively, Defendant unlawfully regarded Kotarski as disabled. Specifically, Defendant unlawfully regarded and/or perceived Kotarski as an individual who was disabled despite knowing that Kotarski could still perform the essential functions of positions with and/or without a reasonable accommodation.

21. Similarly situated younger employees, those employees who are not disabled, do not have a record of disability, and/or who are not regarded as disabled have been treated more favorably by Defendant with regard to their terms and conditions of employment. Indeed, such individuals' performance has been worse than that of Kotarski yet they have not been terminated.

22. Kotarski has been unlawfully discriminated against by Defendant because of her age, in violation of the ADEA. Kotarski further believes that Defendant's discriminatory and

retaliatory actions have violated the ADA.

23. Kotarski has been and continues to be economically, physically, and emotionally harmed because of Defendant's discriminatory actions.

## V. LEGAL CAUSES OF ACTION.

### COUNT I - ADA DISCRIMINATION

24. Plaintiff hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint herein.

25. Kotarski has a physical impairment which substantially limits one or more of her major life activities, including but not limited to working. Kotarski suffers from an eating disorder, has been diagnosed with anorexia, and suffers from depression which directly impacts, among other things, her immune system, digestive system, eating, sleeping, and concentrating.

26. Alternatively, Defendant unreasonably regarded Kotarski as having a disability that interfered with her ability to perform her job.

27. Defendant terminated Kotarski based on her disability, record of disability, and/or its unlawful perception (regarded as) of her being disabled.

28. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Kotarski's rights as protected by the ADA, as amended.

### COUNT II - AGE DISCRIMINATION

29. Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint herein.

30. Defendant has discriminated against Kotarski because of her age in that similarly-situated, substantially younger individuals were allowed better terms, conditions and privileges in employment.

4

31. Defendant terminated Kotarski because of her age.

32. Defendant's actions were willful, intentional, and done with reckless disregard of Kotarski's rights in violation of the ADEA.

33. Defendant knew or showed reckless disregard that its conduct in terminating Kotarski was prohibited by the ADEA.

34. Kotarski has suffered damages as a result of Defendant's unlawful conduct.

### VI.  Relief Requested

WHEREFORE, Plaintiff, Nancy Kotarski, by counsel, respectfully requests that this Court find for Plaintiff and order Defendants to:

a. Pay Plaintiff's lost wages, unpaid bonuses, and benefits;

b. Pay to Plaintiff compensatory, punitive, and liquidated damages;

c. Pay to Plaintiff pre- and post-judgment interest;

d. Reinstate Plaintiff to the same position (and/or comparable position), salary, and seniority; or, pay front pay and benefits to Plaintiff in lieu of reinstatement;

e. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

f. Pay to Plaintiff any and all other damages and/or relief deemed appropriate and just by this Court.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Ryan C. Fox*
Ryan C. Fox (21631-49)

## DEMAND FOR JURY TRIAL

Plaintiff, Nancy Kotarski, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
rfox@jhaskinlaw.com