UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NANCY KOTARSKI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: 2:14-cv-00349 |
| FRANCISCAN ALLIANCE, INC. a/k/a FRANCISCAN HEALTHCARE – MUNSTER, | ) ) ) ) ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, FRANCISCAN ALLIANCE, INC. a/k/a FRANCISCAN HEALTHCARE – MUNSTER, by and through its attorney, for its Answer and Affirmative Defenses, states as follows:

## PARTIES

**Complaint No. 1**:

Kotarski is a resident of the State of Indiana, who at all times relevant to this action resided within the State of Indiana.

**Answer**:

Defendant admits that plaintiff is a resident of the State of Indiana. Defendant is without knowledge regarding what plaintiff means by "at all times relevant to this action," but believes plaintiff still resides within the State of Indiana.

**Complaint No. 2**:

Defendant maintains offices and operates within the geographical boundaries of the Northern District of Indiana.

1

**Answer**:

Defendant admits that it maintains offices and operates within the geographical boundaries of the Northern District of Indiana.

## JURISDICTION AND VENUE

**Complaint No. 3**:

Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b).

**Answer**:

Defendant admits that it is an employer within the meaning of the statutes cited by plaintiff.

**Complaint No. 4**:

Kotarski was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 630(f).

**Answer**:

Defendant admits that plaintiff was an employee within the meaning of the statutes cited by plaintiff.

**Complaint No. 5**:

Kotarski satisfied her obligation to exhaust her administrative remedies and having timely filed charge (Charge No. 846-2014-00907) with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and receiving her Notice of Suit Rights brings this original action within ninety (90) days of her receipt thereof.

**Answer**:

Defendant admits that plaintiff satisfied her obligation to exhaust her administrative remedies, timely filed charge, and brought her action within ninety (90) days of her receipt of the Dismissal and Notice of Rights.

**Complaint No. 6**:

Jurisdiction is conferred on this Court by 42 U.S.C. § 12117 and 29 U.S.C. § 626 (c).

**Answer**:

Defendant admits that this Court has jurisdiction pursuant to the statutes cited by plaintiff.

**Complaint No. 7**:

Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8) and/or record of a disability. Plaintiff was a "qualified individual with a disability," at the time of the and prior to her discharge.

**Answer**:

Defendant denies that plaintiff is an individual who has been regarded as having a disability, denies that plaintiff is an individual with a disability, denies that plaintiff has a record of a disability, and denies that plaintiff was a qualified person with a disability as those terms are defined by the statutes cited by plaintiff.

**Complaint No. 8**:

Plaintiff is an individual over the age of forty (40).

**Answer**:

Defendant admits that plaintiff is over the age of 40.

**Complaint No. 9**:

All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana; thus, venue is proper in this Court.

**Answer**:

Defendant admits that venue is proper in the Northern District of Indiana.

## FACTUAL ALLEGATIONS

**Complaint No. 10**:

Kotarski was hired by Defendant in or about July of 2004.

**Answer**:

Defendant admits that plaintiff was hired in or about July of 2004.

**Complaint No. 11**:

At all relevant times of employment Kotarski met or exceeded Defendant's legitimate performance expectations.

**Answer**:

Defendant again is without knowledge regarding what plaintiff means by "at all times relevant to this action," but defendant denies that plaintiff met or exceeded its legitimate performance allegations.

**Complaint No. 12**:

Indeed up and until approximately August of 2012 Kotarski received position performance reviews from her past supervisor, and was continually informed that she was well liked.

**Answer**:

Defendant admits that plaintiff received performance reviews from a past supervisor, but denies that plaintiff was continually informed that she was well liked.

**Complaint No. 13**:

However, in approximately August of 2012 Vicki Lang became Kotarski's direct supervisor.

**Answer**:

Defendant admits that in approximately August of 2012 Vicki Lang became plaintiff's direct supervisor.

**Complaint No. 14**:

Thereafter, Kotarski was unlawfully disciplined by Lang for incidents that similarly situated younger and non-disabled co-workers were not disciplined for.

**Answer**:

Defendant denies that plaintiff was unlawfully disciplined by Vicki Lang for incidents that similarly situated younger and non-disabled co-workers were not disciplined for.

**Complaint No. 15**:

For example, Kotarski was written up for looking for a pen in her supervisor's desk while others were not.

**Answer**:

Defendant denies that plaintiff was written up for looking for a pen in her supervisor's desk while others were not.

**Complaint No. 16**:

Moreover, Lang made age biased comments concerning older co-workers and would routinely higher younger less qualified workers as compared with older workers.

**Answer**:

Defendant denies that Vicki Lang made age biased comments concerning older co-workers and denies that she would routinely higher younger less qualified workers as compared with older workers.

**Complaint No. 17**:

In addition, Lang was informed by employees of Defendant that she was "too old to work."

**Answer**:

Defendant denies that Vicki Lang was informed by employees of defendant that plaintiff was "too old to work."

**Complaint No. 18**:

Prior to her termination Kotarski was also subjected to discriminatory comments regarding her disability. Furthermore, at the time of her termination, Lang was well aware of Kotarski's disability and had made comments that Kotarski lacked energy and appeared tired.

**Answer**:

Defendant denies that prior to her termination or at any time plaintiff was subjected to discriminatory comments regarding her alleged disability. Defendant further denies that, at the time of her termination or at any time, Vicki Lang was aware of plaintiff's alleged disability, and also denies that she had made comments that plaintiff lacked energy and appeared tired.

**Complaint No. 19**:

Kotarski was terminated due to her age, disability and/or record of disability.

**Answer**:

Defendant denies that plaintiff was terminated due to her age, disability and/or record of disability.

**Complaint No. 20**:

Alternatively, Defendant unlawfully regarded Kotarski as disabled. Specifically, Defendant unlawfully regarding and/or perceived Kotarski as an individual who was disabled despite knowing that Kotarski could still perform the essential functions of positions with and/or without a reasonable accommodation.

**Answer**:

Defendant denies that it unlawfully regarded plaintiff as disabled. Defendant denies that it unlawfully regarded and/or perceived plaintiff as an individual who was disabled "despite knowing that Kotarski could still perform the essential functions of positions with and/or without a reasonable accommodation."

**Complaint No. 21**:

Similarly situated younger employees, those employees who are not disabled, do not have a record of disability, and/or who are not regarded as disabled have been treated more favorably by Defendant with regard to their terms and conditions of employment. Indeed, such individuals' performance has been worse than that of Kotarski yet they have not been terminated.

**Answer**:

Defendant denies that similarly situated younger employees have been treated more favorably by defendant with regard to their terms and conditions of employment. Defendant further denies that such individuals' performance has been worse than that of plaintiff and yet they have not been terminated.

**Complaint No. 22**:

Kotarski has been unlawfully discriminated against by Defendant because of her age, in violation of the ADEA. Kotarski further believes that Defendant's discriminatory and retaliatory actions have been violated the ADA.

**Answer**:

Defendant denies that it unlawfully discriminated against plaintiff because of her age, in violation of the ADEA. Defendant further denies that its actions were discriminatory and retaliatory, and denies that any of its actions violated the ADA.

**Complaint No. 23**:

Kotarski has been and continues to be economically, physically, and emotionally harmed because of Defendant's discriminatory actions.

**Answer**:

Defendant denies that plaintiff has been economically, physically, and emotionally harmed because of any of defendant's actions.

**LEGAL CAUSES OF ACTION**

**COUNT I – ADA DISCRIMINATION**

**Complaint No. 24**:

Plaintiff hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint herein.

**Answer**:

Defendant restates and incorporates its answers to paragraphs 1-23 of plaintiff's complaint as if same were set forth here in full.

**Complaint No. 25**:

Kotarski has a physical impairment which substantially limits one or more of her major life activities, including but not limited to working. Kotarski suffers from an eating disorder, has been diagnosed with anorexia, and suffers from depression which directly impacts, among other things, her immune system, digestive system, eating, sleeping, and concentrating.

**Answer**:

Defendant denies that plaintiff has a physical impairment which substantially limits one or more of her major life activities, including but not limited to working. Defendant is without knowledge and information sufficient to form a belief about whether plaintiff suffers from an eating disorder, has been diagnosed with anorexia, and suffers from depression which directly impacts, among other things, her immune system, digestive system, eating, sleeping, and concentrating, and as a result, defendant denies same.

**Complaint No. 26**:

Alternatively, Defendant unreasonably regarded Kotarski as having a disability that interfered with her ability to perform her job.

**Answer**:

Defendant denies that it unreasonably regarded plaintiff as having a disability that interfered with her ability to perform her job.

**Complaint No. 27**:

Defendant terminated Kotarski based on her disability, record of disability, and/or its unlawful perception (regarded as) of her being disabled.

**Answer**:

Defendant denies that terminated plaintiff based on her alleged disability or her alleged record of disability, and defendant denies that it terminated plaintiff based on an alleged unlawful perception (regarded as) of her being disabled.

**Complaint No. 28**:

Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Kotarski's rights as protected by the ADA, as amended.

**Answer**:

Defendant denies that its actions were unlawful, and further denies that its actions were intentional, willful, and done in reckless disregard of plaintiff's rights as protected by the ADA, as amended.

WHEREFORE, defendant respectfully requests that plaintiff take nothing by way of Count I of her complaint alleging disability discrimination; defendant requests that costs and attorneys' fees for the defense of this action be assessed against plaintiff and in favor of defendant, and defendant requests all further just and proper relief.

## COUNT II – AGE DISCRIMINATION

**Complaint No. 29**:

Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint herein.

**Answer**:

Defendant restates and incorporates its answers to paragraphs 1-28 of plaintiff's complaint as if same were set forth here in full.

**Complaint No. 30**:

Defendant has discriminated against Kotarski because of her age in that similarly-situated, substantially younger individuals were allowed better terms, conditions and privileges in employment.

**Answer**:

Defendant denies that it discriminated against plaintiff because of her age, and further denies that similarly-situated, substantially younger individuals were allowed better terms, conditions and privileges in employment.

**Complaint No. 31**:

Defendant terminated Kotarski because of her age.

**Answer**:

Defendant denies that it terminated plaintiff because of her age.

**Complaint No. 32**:

Defendant's actions were willful, intentional, and done with reckless disregard of Kotarski's rights in violation of the ADEA.

**Answer**:

Defendant denies that its actions were willful, intentional, and done with reckless disregard of plaintiff's rights in violation of the ADEA.

**Complaint No. 33**:

Defendant knew or showed reckless disregard that its conduct in terminating Kotarski was prohibited by the ADEA.

**Answer**:

Defendant denies that it knew or showed reckless disregard that its conduct in terminating plaintiff was prohibited by the ADEA, and further denies that it terminated the plaintiff's employment.

**Complaint No. 34**:

Kotarski has suffered damages as a result of Defendant's unlawful conduct.

**Answer**:

Defendant denies that plaintiff suffered damages as a result of any conduct of defendant, and further denies that any such conduct was unlawful.

WHEREFORE, defendant respectfully requests that plaintiff take nothing by way of Count II of her complaint alleging age discrimination; defendant requests that costs and

attorneys' fees for the defense of this action be assessed against plaintiff and in favor of defendant, and defendant requests all further just and proper relief.

## **AFFIRMATIVE DEFENSES**

For its further answer and affirmative defenses to plaintiff's complaint, defendant provides:

1. Any allegation in plaintiff's complaint which has not been already specifically admitted, denied, or otherwise controverted, is hereby denied.

2. Plaintiff's complaint fails to state a claim upon which relief can be granted.

3. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendants or to otherwise avoid harm.

4. Plaintiff's contentions and allegations do not support a claim for punitive or exemplary damages under applicable law.

5. Plaintiff is not entitled to recover punitive damages because defendant engaged in good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination.

6. Any claim for punitive or exemplary damages, or any other claim for damages, have federal and/or state statutory and common law damage prohibitions and/or caps that also apply to limit any such claims.

7. Plaintiff's claims are barred to the extent it is ultimately determined that she filed her complaint more than 90 days after receiving her "Right to Sue Letter" from the Equal Employment Opportunity Commission.

8. Plaintiff's complaint is barred because it was not filed within the applicable statute of limitations.

9. Plaintiff's claims are barred to the extent that she seeks to base claims on events occurring outside of the applicable statute of limitations.

10. Plaintiff's claims are barred to the extent she seeks to base claims on events which were not part of her charge filed with the Equal Employment Opportunity Commission.

11. Plaintiff is not entitled to recover under the ADEA because all actions of which she complains were based on reasonable factors other than age.

12. Plaintiff is not entitled to recover under the ADA or ADEA because she voluntarily resigned from employment and was not discharged form employment.

13. Plaintiff's claims for relief are barred to the extent that she failed to mitigate her damages.

14. Plaintiff was not a qualified individual with a disability as defined by the Americans with Disabilities Act.

15. Plaintiff failed to exhaust available administrative remedies.

16. Plaintiff unreasonably failed to utilize defendant's established policies and procedures for reporting complaints of discrimination and/or retaliation, and defendant had no reasonable notice of alleged discrimination.

WHEREFORE, defendant respectfully requests that plaintiff take nothing by way of her complaint alleging disability and age discrimination; defendant requests that costs and attorneys' fees for the defense of this action be assessed against plaintiff and in favor of defendant, and defendant requests all further just and proper relief.

      Respectfully submitted by,

      **JOHNSON & BELL, P.C.**
      Attorneys for Defendant

By:   */s/ Robert J. Dignam*
      Robert J. Dignam

      11051 Broadway, Suite B
      Crown Point, IN 46307
      (219) 791-1900
      Fax: (219) 791-1901
      E-mail: dignamr@jbltd.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused a copy of defendant's Answer and Affirmative Defenses to be served upon the following counsel of record, via the Court's ECF notification on this 3rd day of December, 2014.

<pre>
                    Ryan C. Fox
                    Ryan P. Sink
              Fox Williams & Sink, LLC
               8465 Keystone Crossing
                      Suite 250
                Indianapolis, IN  46240
              E-mail:  rfox@fwslegal.com
</pre>

            */s/ Robert J. Dignam*
            Robert J. Dignam, #11177-45

            JOHNSON & BELL, P.C.
            11051 Broadway, Suite B
            Crown Point, IN  46307
            (219) 791-1900
            Fax:  (219) 791-1901
            E-mail:  dignamr@jbltd.com